UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff    )<br>                     )<br>     v.                )<br>                     )<br>THOMAS WENZEL, )<br>       Defendant    ) | No. 2:10 CR 9<br>(No. 2:12 CV 179) |

## OPINION AND ORDER

Thomas Wenzel has moved pursuant to 28 U.S.C. § 2255 for his conviction to be vacated. A § 2255 motion allows a person in federal custody to attack his sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. If it can be determined from the motion and the record of prior proceedings that the movant is not entitled to relief, the motion should be denied without requiring a response from the government and without a hearing. RULE 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

The court sentenced Wenzel to a term of imprisonment of 100 months for violating 21 U.S.C. § 841(c)(2). This resulted from Wenzel's decision to plead guilty to one count of possession of pseudoephedrine, knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine. Wenzel did so pursuant to a written plea agreement, in consideration of the dismissal of additional charges and other benefits. In Wenzel's plea agreement, he affirmed:

> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective

>       assistance of counsel relates directly to this waiver or its negotiation,
>       including any appeal under Title 18, United States Code, Section 3742 or
>       any post-conviction proceeding, including but not limited to, a proceeding
>       under Title 28, United States Code, Section 2255.

Plea Agreement, August 27, 2010 (DE #25 at ¶ 7(d)). Such waivers are generally enforceable, meaning that Wenzel cannot pursue relief in the present § 2255 motion unless this waiver, or the plea agreement as a whole, was unintelligent or involuntary because of ineffective assistance of counsel or otherwise. *Hurlow v. United States*, 726 F.3d 958, 964-65 (7th Cir. 2013).

According to Wenzel that is the case here: he believes his counsel was ineffective because of an actual conflict of interest which made it impossible for him to competently advise Wenzel whether or not to enter into a plea agreement. Wenzel explains:

>       Prior to representing the Petitioner [Wenzel], Attorney Holesinger
>       represented Richard Mote, who, although not a co-defendant of the
>       Petitioner, was nonetheless a party to the Petitioner's case. In any event,
>       while representing Mote, Attorney Holesinger counseled Mote to enter
>       into a plea agreement and to proffer statements against the Petitioner.
>       Those statements proffered by Defendant Mote resulted in the arrest of
>       the Petitioner.

(DE # 47 at 9.) As further evidence of the nature of Holesinger's alleged conflict, Wenzel quotes paragraph 17 of his presentence report, stating that in interviews of Mote and other co-conspirators , Wenzel "was identified as the pill purchaser for the conspiracy and was also noted to cook methamphetamine."

There are two frameworks for analyzing an ineffective assistance of counsel claim based on an alleged conflict of interest. *Blake v. United States*, 723 F.3d 870, 880 (7th

2

Cir. 2013). If there is an actual conflict which causes an adverse impact on the attorney's performance, prejudice is presumed. *Id.* If no actual conflict exists, the movant must show ineffective assistance "according to the familiar and more demanding Strickland standard, whereby the petitioner must demonstrate that counsel's representation fell below an objectively reasonable standard of care, and that there is a reasonable probability that but for counsel's unprofessional errors the trial outcome would have been different." *Id.* (internal quotation marks and citations omitted).

Here, as noted above, Wenzel argues that an actual conflict exists because his attorney counseled Mote to enter into a plea, and make statements against Wenzel which resulted in his indictment. However, joint representation of co-defendants does not automatically cause a conflict and violate the Sixth Amendment, *Cates v. Superintendent, Indiana Youth Center*, 981 F.2d 949, 953 (7th Cir. 1992), and the facts are not as Wenzel understands and represents. This court's records for case 2:08 CR 88 show that Mote was arrested in June, 2008, and on June 24, 2008, attorney Holesinger was appointed to represent him. Attorney Holesinger appeared with Mote at a detention hearing on June 26, 2008, and again at his arraignment on July 14, 2008. A few weeks later Mote, acting *pro se*, requested that a new attorney be appointed because attorney Holesinger had met with him only one time outside of the appearances in court. (2:08 CR 88, DE # 113.)

On August 19, 2008, the court held a hearing on Mote's request, and granted it, discharging Holesinger and appointing new counsel. That was attorney Holesinger's

3

last interaction during his brief tenure representing Mote. Nearly a year later, on July 17, 2009, a superseding indictment added additional charges against Mote, (2:08 CR 88, DE # 264), and two months after that Mote, who had not been represented by Holesinger for over a year, entered into a plea agreement. (2:08 CR 88, DE # 324.) Thus, Holesinger had nothing to do with Mote's decision to enter into a plea agreement and proffer information against co-conspirators, and when Holesinger was retained by Wenzel in March, 2010, more than 1-1/2 years after being discharged by Mote, no actual conflict existed.[1] There is simply no allegation by Wenzel, and no reason to think, that Holesinger obtained any information from Mote that was adverse to Wenzel, or information from Wenzel that could have been used adversely against his former client.

Because no actual conflict existed, Wenzel can avoid his plea agreement and the waiver therein only by showing a basis for ineffective assistance of counsel using the traditional standard of *Strickland v. Washington*, 466 U.S. 668 (1984); that is, he must show attorney Holesinger's performance was not professionally competent, and that the incompetent performance caused Wenzel prejudice. Because Wenzel incorrectly believes there is an actual conflict and prejudice presumed, he has not alleged, or even attempted to allege, any facts relevant to that showing. His argument amounts to a claim that he would not have retained Holesinger if he had known Holesinger

---

[1] The court notes that as a subpart of his actual-conflict argument, Wenzel asserts that this court erred by not *sua sponte* conducting an inquiry into the conflict. However, no conflict was apparent, and even when a court is aware of representation of multiple defendants, it has no duty, absent special circumstances, to initiate an inquiry. *See Cuyler v. Sullivan,* 446 U.S. 335, 346-347 (1980).

represented Mote previously, and the assertion, unsupported by any concrete examples of deficient advice, that Holesinger could not competently advise him whether accepting a plea agreement was in his best interests. Such skeletal assertions do not meet the requirement imposed by *Strickland* "to point to specific instances demonstrating deficient performance and prejudice flowing therefrom." *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010).

    In sum, Wenzel has alleged no facts to suggest a basis for ineffective assistance of counsel that relieves him from his plea agreement. Because of the waiver it contains, he cannot pursue the other issues he raises in his motion,[2] and the court discusses them in cursory fashion only. First, Wenzel argues his attorney was ineffective for not objecting when the court calculated his offense level using the wrong guideline (U.S.S.G. § 2D1.1) instead of U.S.S.G. § 2D1.12. Wenzel believes § 2D1.12. should have been used because his offense and offense conduct showed only simple possession, not possession with intent to manufacture. However, § 2D1.12(c)(1) instructs the court to use § 2D1.1 if the offense involved manufacturing an unlawful drug, and the uncontested facts in Wenzel's presentence report, accepted as the court's factual findings, were that Wenzel purchased pseudoephedrine to supply "cooks" as well as to "cook" methamphetamine himself. Therefore, the appropriate guideline was used and counsel was not ineffective for failing to object.

---

[2] This is not strictly true of the second issue discussed below. It could be a reason to void the agreement and waiver if it had colorable merit.

Second, Wenzel asserts that he was induced to plead guilty by his attorney's representation that he would receive a sentence between 60 and 84 months, but the sentence he received was instead 100 months. In his written plea agreement, however, Wenzel agreed that he understood he was facing a maximum penalty of 20 years of incarceration, (DE #25 at ¶ 7(b)), that the court had the power and authority to give him that sentence, that no one could predict the sentence the court would choose, and that he would have no right to contest the sentence the court might ultimately impose by appeal or collateral attack, such as Wenzel is now attempting to do. (*Id*. at ¶ 7(d).)

Moreover, at his change of plea hearing the court carefully went over the entire plea agreement with Wenzel, including these provisions and the potential penalties he faced, and confirmed that Wenzel was not pleading guilty because of any predictions or promises made to him by his attorney as to the actual sentence that would be imposed. That is the difference between this case and the one Wenzel relies on, *Moore v. Bryant*, 348 F.3d 238 (7th Cir. 2003). Moore's attorney's advice as to a possible sentence was off by half, the sentence imposed was more than 12 years longer than expected, and nothing in the plea colloquy conducted by the court "addressed whether his plea was based upon any predictions as to his sentence, nor did it otherwise alert Moore to the possibility that he was misinformed." *Id*. at 243.

In the present case, assuming the truth of Wenzel's allegation, his attorney made a sentence estimate that was off by as little as 16 months. More importantly, Wenzel was given a sentence of a little over 8 years after choosing to plead guilty despite

multiple warnings and his knowledge that he might be sentenced to as much as 20 years, and that such a sentence of that length would not allow him to withdraw his plea or be corrected on appeal or otherwise. Because of Wenzel's knowledge based on the warnings in his written plea agreement and the court's colloquy with him, he cannot possibly establish that, had his attorney's advice regarding his sentence been different—that he could expect to receive a 100-month sentence, there is a reasonable probability he would not have pled guilty. Thus, his allegations show no prejudice.

Last, Wenzel argues that his attorney was "ineffective in failing to move for a Franks hearing challenging the credibility and reliability of the affiants['] statements" used to obtain his arrest warrant. (DE # 47 at 17.) He does not specify what affidavits or statements he is talking about, presumably he means the information referred to in paragraph 17 of his presentence report, describing statements made by cooperating co-conspirators who pled guilty. In order to obtain a *Franks* hearing, his attorney would have had to make a preliminary showing of false information knowingly or recklessly presented in a warrant application. *United States v. McMurtrey*, 704 F.3d 502, 508 (7th Cir. 2013). Without some allegation of what that showing might have been, Wenzel's conclusory statement now that his attorney should have challenged the "credibility and reliability" of the co-conspirators is not sufficient to state any basis for an ineffective assistance claim. *Cf. Gallo-Vasquez v. United States*, 402 F.3d 793, 800 (7th Cir. 2005).

A more fatal flaw, which Wenzel seems not to realize, is that the statements he refers to were made in interviews, not in an affidavit used to secure an arrest warrant:

there *were no affidavits* submitted to obtain an arrest warrant. The warrant for Wenzel's arrest was issued based on a grand jury indictment, not a criminal complaint. Thus, there was nothing to be challenged by a *Franks* hearing, making it plain there was nothing deficient in counsel's performance.

After consideration of Wenzel's arguments, the court is convinced that it "plainly appears from the motion . . . and the record of prior proceedings" that Wenzel is not entitled to relief, requiring summary dismissal of his § 2255 motion.  RULE 4, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Accordingly, Wenzel's motion pursuant to 28 U.S.C. § 2255 (DE # 46) is summarily **DENIED** and **DISMISSED**. Further, the court **DENIES** the issuance of a certificate of appealability ("COA"). A COA should issue only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find it debatable whether the district court correctly resolved the issues or would conclude that those issues are adequate to deserve further proceedings. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). The court believes that the explanation herein for the denial of Wenzel's motion adequately explains why this standard has not been met.

The clerk shall **ENTER FINAL JUDGMENT** dismissing the parallel civil cause (2:12 CV 179) initiated by the § 2255 motion.

**SO ORDERED.**

Date: January 17, 2014

                                          s/James T. Moody  
                                          JUDGE JAMES T. MOODY  
                                          UNITED STATES DISTRICT COURT